Marshall, C. J.
Although the claim was refused intoto by the commission, it is only contended in this court that the judgment rendered in favor of the claimant is excessive and exceeds the amount allowed by law, and that the attorney fees taxed against the commission are exorbitant.
*631 The court of common pleas made a finding that the claimant was only partially dependent upon the deceased at the time of his death, but nevertheless made an allowance equal to the maximum allowance which could have been allowed if the finding had been that the claimant was wholly dependent. We are cited to the provisions of Section 1465-82, General Code (107 O. L., 450), and especially to paragraphs 2 and 3 of that section as follows:
“2. If there are "wholly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, and to continue for the remainder of the period between the date of the death and eight years after the date of the injury and not to amount to more than a maximum of five thousand dollars, nor less than a minimum of two thousand dollars.
“3. If there are partly dependent persons at the time of the death, the payment shall be sixty-six and two-thirds per cent of the average weekly wages, and to continue for all or such portion of the period of eight years after the date of the injury, as the board in each case may determine, and not to amount to more than a maximum of five thousand dollars.”
It will be seen by reference to the above-quoted section that the amount of the weekly payment in each instance will be the same and that the only difference is that pertaining to the period over which the payment shall extend,- and it is specifically provided that it shall “continúe for all or such portion of the period of eight years after the date of the Injury, as the board in each case may determine, and *632 not to amount to more than a maximum of five thousand dollars.”
Although the difference in compensation between cases of persons wholly dependent and persons partly dependent is confined to one feature, it nevertheless clearly, appears that the legislature has created two separate and distinct classes in the same enactment, under paragraphs separately stated and numbered, and the conclusion is therefore irresistible that the classification was not intended to be a vain and meaningless thing. It necessarily follows that the legislature intended-that certain distinctions should be made, and, although a discretion was reposed in the commission, it cannot be held to be an arbitrary discretion, but rather a judicial discretion, and therefore the product of a careful consideration of all the facts in each case, keeping clearly in mind the distinction between persons wholly dependent and those partly dependent, and also keeping clearly in mind all the other sections of the chapter pertaining to the same subject, including the provisions of Section 1465-68, General Code, which are in substance that the compensation awarded shall be “for loss sustained on account of such injury or death.”
This cause was heard by the court of common pleas uj>on appeal from an adverse order of the commission, the case being heard by the court without any jury having been demanded, and upon the evidence submitted the court of common pleas made a finding that the claimant was only partially dependent upon the deceased at the time of his death. This court may not properly inquire into the con *633 siderations which caused the court of common pleas to reach the conclusion of partial dependency. The question before this court is whether upon the finding of fact of a condition of partial dependency the court of common pleas was justified in making an order that the claimant was entitled to receive the full maximum allowance to partial dependents, which is equivalent, to the maximum allowance to persons wholly dependent.
Naturally, if the classification made by paragraphs 2 and 3 of Section 1465-82, General Code, is to be observed, and the distinctions therein made between persons wholly dependent and those partly dependent are to have any practical effect, the undisputed facts must be looked to to determine whether a sound discretion has been exercised. The undisputed facts in this case are that a boy in his teens, sound in mind and body, was being only partly maintained by the decedent, the greater portion of his support being contributed by his maternal grandmother. It therefore clearly appears that the “loss sustained” is far less than two-thirds of the weekly wage of the decedent. Therefore the legal question presented is whether in the exercise of a sound discretion the court could properly award the full maximum allowance payable to persons wholly dependent. This court cannot help wondering what allowance would have been made by the court of common pleas if the decedent had left a widow and a number of small children with whom he was living at the time of his death.
In cases where a discretion is lodged the maximum award should not be made unless the case is *634 especially meritorious. If the court of common pleas had found as a fact that the claimant was wholly dependent, a question of greater' difficulty, would be presented; but having found that the claimant was only partly dependent, and the legislative intent being clear that some distinction was intended to be drawn between persons wholly dependent and persons partly dependent, the maximum allowance should be reserved for cases 'more meritorious than the undisputed facts of this case disclose.
The industrial commission evidently rejected the claim on the ground that the decedent, at the time of the divorce proceedings, did not become obligated to the support of his son, and that he had never in fact fully supported and maintained him. In this the commission undoubtedly erred, because it has been held by this court in the case of State v. Stouffer, 65 Ohio St., 47, that the obligation of the father is not excused on the ground that the custody of a child has been awarded to a divorced wife in a suit where no order was made for allowance and support of children. The court of common pleas was therefore justified in making an award.
This court is of the opinion that the award of the maximum allowance is not justified under the facts of this case, and yet it is not the proper province of this court to fix the amount. But the cause should be remanded to the court of common pleas to be reheard and a proper award made, which, upon a consideration of the evidence, and in the true spirit- of the sections of the statutes above quoted, will properly reflect the “loss sustained.”
*635 It must at all times be borne in mind, and it is proper to remark in disposing of this case, that the workmen’s compensation law involves the collection and disbursement of funds for the equal and ratable benefit of claimants, and that a successful administration of the law demands that every claimant should receive all that he is fairly entitled .to; but it is equally important that no claimant should be awarded a sum in excess of that to which he is fairly entitled. The state insurance fund is in the nature of a trust fund to be administered for the benefit of workmen who suffer injury, and for the dependents of those who suffer death, in the course .of employment. The disbursements pursuant to awards made by the industrial commission, and judgments rendered in favor of claimants upon appeal from the orders of the commission, are in the nature of a distribution of the trust funds under the control of the commission among those entitled thereto. No one would contend that the awards and judgments are full compensation for losses sustained. Pain and suffering are not compensated. Neither can punitive damages be aVarded. The purpose of the act is 'to only partly, reimburse for the impairment of earning capacity, on the theory that such partial reimbursement without expense or delay and without the uncertainties of litigation is more desirable than the opportunity of full compensation for all loss and damages at the hands of courts and juries, with the attendant delays, risks and expenses. While the fund is created by. premiums paid by employers, it must not be assumed that such fund can be made to meet the pajment of *636 unjust claims without an injustice being done to just claimants as well as to all workmen who may never make claims. While the premium is paid by employers, in the last analysis it amounts to a deduction from the wages due the workmen to create a fund to be administered for their benefit. It is stated in the-title of the act wherein the state insurance fund was created that the fund is created for the benefit of injured and dependents of killed employes, and to provide for the administration of such fund. It is not a pension or a bounty or charity, but in the strictest sense a mutual insurance in which benefits are payable out of a fund created by contributions from a large number of possible beneficiaries, where it is hoped and expected that only a few will become actual beneficiaries. Insurers and insured are members of the same class and all are similarly and equally interested* in a fair and equitable ■ adjustment of claims. This can be brought about only by strict uniformity of administration, and, in those cases where a discretion is lodged, by such discretion being soundly and judicially exercised. Any unjustified generosity in favor of one claimant must operate as an injustice to all other claimants, because the fund is to that extent improperly depleted. It is therefore very' necessary that trial courts and juries, as well as the industrial commission, shall exercise the utmost caution and care in making awards of compensation.
It is further claimed as error in this case that there was an abuse of discretion by the court of *637 common pleas in the award of an excessive allowance of compensation for services of legal counsel. While this court will recognize the fact that the trial court has better means of forming a judgment of the value of attorneys’ services, yet the record discloses that very little testimony was introduced and very little time consumed, either in the preparation or presentation of the case, and without attempting to fix the value of the services this court is of the opinion that the amount awarded was greatly in excess of a just and reasonable allowance.
For the foregoing reasons the judgments of the court of common pleas and of the court of appeals will be reversed and the cause remanded to the court of common pleas for further proceedings in accordance with this opinion.

Judgments reversed.

Johnson, Wanamaker and Jones, JJ., concur.
Hough, Robinson and Matthias, JJ., concur in propositions two and three of the syllabus, but not in the judgment.